IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAMON K. D.

v.   Civil Case No. CCB-17-2680

COMMISSIONER, SOCIAL SECURITY[1]

*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-dispositive motions, and Plaintiff's reply. ECF 12, 15, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both motions be denied, that the SSA's decision be reversed in part, and that the case be remanded to the SSA for further analysis.

Plaintiff filed an application for Disability Insurance Benefits ("DIB") in July, 2015, alleging a disability onset date of January 21, 2014. Tr. 350-51. His application was denied initially on September 25, 2015, and on reconsideration on February 3, 2016. Tr. 130-33, 137-38. An Administrative Law Judge ("ALJ") held a hearing on January 17, 2017, at which Plaintiff was represented by counsel. Tr. 31-98. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

frame. Tr. 15-25. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "depression, anxiety, PTSD, lumbar degenerative disc disease, degenerative joint disease of the knee, asthma; and obesity." Tr. 17. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a); except he can sit for up to six hours but stand for only two hours in an eight hour day. He can climb ramps and stairs occasionally, but can never climb ladders, ropes or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl. He can have no exposure to unprotected heights; can have occasional exposure to humidity and wetness dust, odors, fumes and pulmonary irritants; extreme cold and extreme heat. He can have occasional contact with supervisors, coworkers, and no contact with the public. He can perform simple, routine and repetitive tasks but not at a production rate and is limited to simple work related decisions.

Tr. 19. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy. Tr. 24. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 24-25.

Plaintiff disagrees. He raises five primary arguments on appeal, all pertaining to the ALJ's evaluation of his mental health symptoms: (1) that the ALJ erroneously applied the "paragraph C" criteria effective as of January 17, 2017; (2) that the ALJ did not adequately assess his ability to sustain mental functions over a full workday, as required by *Mascio v. Colvin,* 780 F.3d 632 (4th Cir. 2015); (3) that the ALJ did not sufficiently evaluate the level of support Plaintiff requires from his wife; (4) that the ALJ improperly relied upon the medical assessment form submitted by a treating Nurse Practitioner; and (5) that the ALJ did not address the factual circumstances underlying Plaintiff's mental health diagnoses. Because I agree that the ALJ's analysis of the "paragraph C" criteria was erroneous, I recommend that the case be remanded to the SSA for additional explanation. In so recommending, I express no opinion

2

regarding Plaintiff's other arguments or whether the SSA's ultimate decision that Plaintiff was not entitled to benefits was correct.

The SSA concedes that the ALJ "provided an inadequate and inaccurate discussion of the 'paragraph C' criteria." ECF 15-1 at 5. Effective January 17, 2017, "paragraph C" requires an ALJ to consider whether a claimant reliant upon mental health treatment, psychosocial support, or highly structured settings has only "marginal adjustment," defined as "minimal capacity to adapt to changes in your environment or to demands <u>that are not already part of your daily life.</u>" 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(G)(2) (emphasis added). In purporting to consider Plaintiff's capacity for adjustment, the ALJ expressly cited only to his ability to conduct his activities of daily life. Tr. 19 ("The claimant is independent in his activities of daily life. He cared for his personal needs and pets during the adjudicatory period."). Therefore, the ALJ's "paragraph C" analysis is inadequate.

The SSA posits that the ALJ's "error is harmless, as the record does not demonstrate the required marginal adjustment." ECF 15-1 at 6. In support of that argument, however, the only evidence the SSA cites is two "opinions," from Dr. Ruskin and Nurse Practitioner Skelly. *Id.* Those two opinions do not constitute substantial evidence on which the ALJ could support a finding of more than marginal adjustment, and cannot provide the basis for this Court's finding of harmless error. The cited opinion from Nurse Practitioner Skelly leaves the vast majority of the mental assessment form blank, and specifically notes that she was "unable to complete as [she has] not seen [Plaintiff] since 05/2016. As he has not been in, I assume he's functioning." Tr. 2329. Similarly, the "medical opinion summary" from Dr. Ruskin, Tr. 1944, blatantly contradicts the opinions Dr. Ruskin himself rendered after examining Plaintiff on May 11, 2015, Tr. 1349. In May, 2015, Dr. Ruskin opined, after his one-time evaluation, that Plaintiff suffered from "[n]ear-continuous panic or depression affecting the ability to function independently,

3

appropriately and effectively," "[d]ifficulty in adapting to stressful circumstances, including work or a worklike setting," along with "[o]ccupational and social impairment with reduced reliability and productivity." Tr. 1345, 1349. In his later summary, Dr. Ruskin did not address any of those potentially work-preclusive findings, or base his opinion on his specific observations of Plaintiff, but simply opined that, "people with anxiety and depression are almost always able to function in a job, and in fact, they often feel less anxious and less depressed when working or participating in other worthwhile activities. Given [Plaintiff's] anxiety and depression, it would be good for him to seek employment in a low stress job." Tr. 1944. These questionable medical opinions do not render the ALJ's error regarding the "paragraph C" criteria "harmless error." *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) ("Where an insufficient record precludes a determination that substantial evidence supported the ALJ's denial of benefits, this court may not affirm for harmless error.") (citing *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011), *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). Furthermore, it is not the province of this Court to substitute its own analysis of the "paragraph C" criteria for the ALJ's deficient analysis. *See Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). I therefore recommend remand for additional explanation.

The SSA relies on the same two medical opinions to argue that the ALJ's other conclusions were supported by substantial evidence. ECF 15-1 at 7. If this case is remanded, the SSA should consider giving greater explanation if it chooses to rely on the medical opinions of Dr. Raskin and Nurse Practitioner Skully, in light of the deficiencies already discussed.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment, ECF 15;

2. the Court DENY Plaintiff's Motion for Summary Judgment, ECF 12;

4

3. the Court REVERSE IN PART due to inadequate analysis the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case to the SSA for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: November 30, 2018                    /s/
                                            Stephanie A. Gallagher
                                            United States Magistrate Judge